IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02894-GPG

NICK RAUL MEDINA,

    Applicant,

v.

JAMES FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Nick Raul Medina is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Because it was not clear whether Applicant is challenging the execution or the validity of his sentence, on November 11, 2014, Magistrate Judge Boyd N. Boland directed Respondents to brief the issue and to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response, ECF No. 13, on November 24, 2014. Applicant filed a Reply, ECF No. 14, to the Pre-Answer Response on December 10, 2014, and provided exhibits in support of the Application, ECF No. 15, on December 24, 2014.

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.

First, Respondents contend that Applicant is challenging the validity of his conviction and sentence and not the execution of his sentence.  ECF No. 13 at 3-5. Applicant agrees.  ECF No. 14 at 1.  The Court, therefore, construes the action as filed pursuant to 28 U.S.C. § 2254 and will address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d), and if necessary of exhaustion of state court remedies.

Applicant pled guilty to one count of contributing to the delinquency of a minor and one count of sexual assault in Case No.  07CR1679 in the Jefferson County District Court, ECF No. 14 at 2; Pre-Answer Resp., ECF No. 13-1, Ex. A at 12-13, and was sentenced to a total of six years of incarceration on March 31, 2008, Pre-Answer Resp., ECF No. 13-1, Ex. A, at 7-8.

Respondents assert that Applicant did not file a direct appeal but filed a timely motion for sentence reconsideration on July 29, 2008.  ECF No. 13 at 2; ECF No. 13-1 at 7.  The motion was denied on September 8, 2008, but Applicant did not appeal the motion.  *See* ECF No. 13 at 2; ECF No. 13-1 at 7.  Applicant then filed a motion to modify his sentence on November 1, 2012, which was denied on November 15, 2012, and Applicant did not appeal the denial.  *Id.*  Applicant's next postconviction filing was on September 25, 2014, when he filed a Colo. R. Crim. P. 35(a) postconviction motion, which was denied on October 8, 2014, and he did not appeal the denial.  *Id.*  Finally, on October 15, 2014, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion, which as of November 24, 2014, the date Respondents filed their Response, was pending.  *Id.*

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Applicant does not disagree.  *See* ECF No. 14 at 4.  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the following reasons, the Court will dismiss this action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Applicant's conviction became final on May 15, 2008, when the time ran for appealing the sentence entered on March 31, 2008.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).  Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.  Accordingly, for purposes of § 2244(d), time began to run on May 16, 2008, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). A motion for relief pursuant to Rule 35 tolls the statute of limitations if the state court treats the motion as a motion for postconviction relief, *Habteselassie*, 209 F.3d at 1213, and if the motion requests appointment of new counsel, seeks postconviction relief, and states adequate grounds for relief, *see Pursley v. Estep, et al.*, 216 F. App'x 733, 734 (10th Cir. 2007).

Since Respondents have provided the registry for the state criminal case at issue in this action, Case No. 07CR1679, and Applicant does not disagree with the entries stated in the registry, the Court finds time for purposes of § 2244(d) was not tolled during the following time periods. From May 16, 2008, the day after Applicant's conviction and sentence became final, until July 28, 2008, the day prior to when Applicant filed a motion to reconsider his sentence, which the district court construed as a Rule 35(b) postconviction motion, seventy-four days is not tolled. Applicant's Rule 35(b) postconviction motion was final on October 23, 2008, when the time ran for

4

Applicant to file an appeal.  Then from October 24, 2008, the date after the Rule 35(b) motion was final, until October 31, 2012, the day prior to when Applicant filed his motion to modify sentence, 1,469 days are not tolled under § 2244(d).  Also from December 31, 2012 , the day after the time ran for Applicant to appeal the denial of his motion to modify, until September 24, 2014, the day prior to when Applicant filed a motion to correct an illegal sentence, 633 days are not tolled.  Altogether, 2,176 days are not tolled for purposes of § 2244(d).  Nonetheless, by August 11, 2009, the one year time period had run under § 2244(d).

Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. Applicant does assert, however, that he was not aware of the lifetime sex offender registry requirement, because his public defender did not instruct him about the registration, and that he did not know what an "SVP" (Sexually Violent Predator) designation is until he was released.  ECF No. 14 at 1-2.  Applicant appears to claim he could not have discovered the factual predicate of his claim until he had been released. *See* § 2244(d)(1)(D).  There is no basis for these claims because the factual predicate for these claims took place at the time Applicant was sentenced and the trial court found Applicant is a Sexually Violent Predator.  *See* ECF No. 13-1 at 8.

Applicant also asserts that because he currently is in protective segregation he does not have access to a law library to assist him in properly exhausting his remedies. *Id.* at 2.  Applicant, therefore, appears to claim he was unable to file a proper appeal because there was an impediment created by the State, which prevented him from properly appealing his conviction and sentence.  *See* § 2244(d)(1)(B).  There is no basis for this claim because Applicant does not state that he was in protective segregation or

denied access to a law library during any time that is not tolled prior to August 11, 2009, the date the one year ran for purposes of § 2244(d).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Applicant asserts several reasons that may be considered as arguments for waiving the time period based on equitable tolling. First, Applicant claims that he has had many personal medical problems and has been "highly medicated." ECF No. 14 at 3. Applicant, however, does not state the time period during which he has been highly medicated and how this affected his ability to diligently pursue his state court remedies. Furthermore, Applicant's current alleged attempts, starting on September 25, 2014, to pursue any state postconviction motions, *see* ECF No. 14 at 3, are not demonstrations that he diligently challenged his 2008 conviction and sentence in state court for the six years prior to filing a Rule 35(a) postconviction motion on September 25, 2014. Finally,

denied access to a law library during any time that is not tolled prior to August 11, 2009, the date the one year ran for purposes of § 2244(d).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Applicant asserts several reasons that may be considered as arguments for waiving the time period based on equitable tolling. First, Applicant claims that he has had many personal medical problems and has been "highly medicated." ECF No. 14 at 3. Applicant, however, does not state the time period during which he has been highly medicated and how this affected his ability to diligently pursue his state court remedies. Furthermore, Applicant's current alleged attempts, starting on September 25, 2014, to pursue any state postconviction motions, *see* ECF No. 14 at 3, are not demonstrations that he diligently challenged his 2008 conviction and sentence in state court for the six years prior to filing a Rule 35(a) postconviction motion on September 25, 2014. Finally,

any claim by Applicant that his ignorance of the law should waive the one-year time period is foreclosed.  It is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted).

Applicant, therefore, has not met his burden to show specific facts that would support equitable tolling under *Holland* based on extraordinary circumstances and due diligence.  *See Mack*, 509 F. App'x at 760.

The Court, therefore, will dismiss this action with prejudice as time-barred.  *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).  Because the action clearly is time-barred, the Court will refrain from addressing any exhaustion issues.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district

7

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    January    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court